UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| PUGET SOUND ELECTRICAL WORKERS HEALTHCARE TRUST; PUGET SOUND ELECTRICAL WORKERS PENSION TRUST; PUGET SOUND ELECTRICAL WORKERS 401(k) SAVINGS PLAN TRUST; and PUGET SOUND ELECTRICAL JOINT APPRENTICESHIP AND TRAINING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>UNDERGROUND POWER TECHNOLOGIES, LLC, a Washington limited liability company d/b/a UPTOWN ELECTRIC and d/b/a UPTECH, LLC,<br><br>Defendant. | Case No. 2:20-cv-00427<br><br>COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES |

# I. PARTIES

1.1  Plaintiff Puget Sound Electrical Workers Healthcare Trust (the "Healthcare Trust") is a Taft-Hartley trust fund created for the purpose of providing eligible employees, dependents, and beneficiaries with healthcare, vacation, and related benefits. It maintains its principal office in Seattle, King County, Washington.

1.2  Plaintiff Puget Sound Electrical Workers Pension Trust (the "Pension Trust") is a Taft-Hartley trust fund created for the purpose of providing benefits for the support of

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 1
2:20-cv-00427

6900 029 vc181901

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

eligible employees after retirement and/or their beneficiaries pursuant to a pension plan. It maintains its principal and administration offices in Seattle, King County, Washington.

1.3     Plaintiff Puget Sound Electrical Workers 401(k) Savings Plan Trust (the "401(k) Trust") is a Taft-Hartley trust fund created for the purpose of providing support of eligible employees after retirement and their beneficiaries pursuant to a 401(k) savings plan. It maintains its principal and administration offices in Seattle, King County, Washington. It was formerly known as the Local 46 Retirement Annuity Trust.

1.4     Plaintiff Puget Sound Electrical Joint Apprenticeship & Training Trust (the "Apprenticeship & Training Trust") is a Taft-Hartley trust fund created for the purpose of providing education benefits to eligible employees. It maintains its principal and administrative offices in Seattle, King County, Washington.

1.5     The Plaintiffs are commonly known as the Puget Sound Electrical Workers Trust Funds (the "Trust Funds").

1.7     Defendant Underground Power Technologies, LLC ("UPT") is a Washington limited liability company with its principal place of business in Tacoma, Pierce County, Washington. Upon information and belief, UPT performs work within the Western District of Washington using the trade names Underground Power Technologies, Uptown Electric, and UPTech, LLC.

## II. JURISDICTION AND VENUE

2.1     This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1).

2.2     Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2), and pursuant to agreement between the parties.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 2
2:20-cv-00427
6900 029 vc181901

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

# III. FACTS

3.1 On or about April 10, 2017, John Isaacs, identifying himself as the "President" of UPT, executed a Letter of Assent with the Puget Sound Chapter, NECA ("NECA") and the IBEW Local 46 Union (the "Union"). The Letter of Asset provides in part:

> In signing this letter of assent, the undersigned firm does hereby authorize Puget Sound Chapter, NECA as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved Inside Construction labor agreement between the Puget Sound Chapter, NECA and Local Union 46, IBEW. In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements. This authorization, in compliance with the current approved labor agreement, shall become effective on the 10th day of April, 2017. It shall remain in effect until terminated by the undersigned employer giving written notice to the Puget Sound Chapter NECA and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

3.2 The same day, Mr. Isaac, on behalf of UPT, executed an additional Letter of Assent, containing the language above, but referencing instead the Residential master labor agreement.

3.3 Signing the Letters of Assent made UPT party to two master labor agreements:

- Labor Agreement between Local Union No. 46 International Brotherhood of Electrical Workers and Puget Sound Chapter National Electrical Contractors Association, effective June 1, 2018 through May 31, 2021, Inside Construction Agreement; and

- Residential Wire Agreement by and between Puget Sound Chapter, National Electrical Contractors Association, Inc. and Local Union No. 46, International Brotherhood of Electrical Workers, effective June 1, 2018 through May 31, 2021.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 3
2:20-cv-00427

6900 029 vc181901

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.4 Both of the Master Labor Agreements contain evergreen clauses.

3.5 Under the terms of the Master Labor Agreements, UPT agreed to pay fringe benefits to the Trust Funds monthly, for each hour of covered work performed by employees of the company.

3.6 The Trust Funds are beneficiaries of the Master Labor Agreements.

3.7 Pursuant to the terms of the Master Labor Agreements, UPT agreed to pay all fringe benefit contributions to the Trust Funds' designated administration office in Mercer Island, King County, Washington. The Trust Funds' administration office collects all fringe benefit contributions and other amounts specified in the Master Labor Agreements.

3.8 UPT was required to provide its monthly reports and contributions payments to the plaintiff Trust Funds' administration office no later than the 15th of each month following the month in which the hours were worked. UPT also agreed to pay the plaintiff Trust Funds liquidated damages, interest, attorney fees, and costs of collection for any delinquency.

3.9 As a signatory to the Master Labor Agreements, UPT agreed to the terms of the (i) Puget Sound Electrical Workers Healthcare Trust; (ii) Puget Sound Electrical Workers Pension Trust; (iii) Puget Sound Electrical Workers 401(k) Savings Plan Trust; and (iv) Puget Sound Electrical Workers Joint Apprenticeship and Training Trust; as well as other ancillary funds.

3.10 UPT's obligations to the Healthcare Trust are set forth in Article IX, §§1 – 9 and Amendment No. 5 to Article IX, Section 5 of the Trust Agreement Governing a Joint Labor-Management Employee Welfare Benefit Trust Fund, dated February 23, 1954, and as amended. Under the Healthcare Trust, UPT agreed to, among other things:

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 4
2:20-cv-00427
6900 029 vc181901

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Submit its reports on or before the due date specified in the collective bargain agreement or as set by the trustees, even if the company had no employees for that period of time;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve percent (12%) per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.11  UPT's obligations to the Pension Trust are set forth in Article IV of the Puget Sound Electrical Workers Pension Trust, Trust Agreement, amended and restated effective January 1, 2004.  Under the Pension Trust, UPT agreed to among other things:

- Submit its reports on or before the due date specified in the collective bargaining agreement even if the company had no employees for that period of time;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve percent (12%) per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.12  UPT's obligations to the 401(k) Trust are set forth in Article IV of the Puget Sound Electrical Workers 401(k) Savings Plan Trust, dated September 1, 2016.  Under the 401(k) Trust, UPT agreed to, among other things:

- Submit its reports and payments on or before the 15th day of the calendar month following the month in which the hours were worked;

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 5
2:20-cv-00427

6900 029 vc181901

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten (10) percent on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies of twelve percent (12%) per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.13    UPT's obligations to the Apprenticeship & Training Trust are set forth in Section 20 of the Puget Sound Electrical Joint Apprenticeship and Training Trust Fund Agreement, dated November 6, 2000.  Under the Apprenticeship & Training Trust, UPT agreed to, among other things:

- Submit its reports on or before the due date specified in the collective bargaining agreement or as set by the trustees, even if the company had no employees for that period of time;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten (10) percent on all delinquent contributions or twenty-five dollars ($25.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve (12) percent per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.14    Each of the trust agreements contains clauses which require signatory employers such as UPT to submit to an audit by the Trust Funds of the company's payroll and related business records.

3.15    Following execution of the collective bargaining agreements, UPT hired union workers subject to the scope of the agreements and began the monthly reporting and payment of contributions to the Trust Funds.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 6
2:20-cv-00427

6900 029 vc181901

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.16  UPT has not terminated the Master Labor Agreements.

3.17  In 2019, UPT was selected for a routine audit of its payroll and related business records in order to determine whether the company had properly reported and paid fringe benefit contributions to the Trust Funds for the period July 1, 2018 through December 31, 2019.  The Trust Funds' auditor requested documents from the company for review and to allow for the auditor to conduct the audit.  UPT did not comply with the auditor's request for documentation and this matter February 6, 2020, counsel made written demand upon UPT for compliance with the auditor's request for payroll and related business records.  UPT did not respond.

3.18  On February 27, 2020, counsel made a second written demand upon UPT for compliance with the auditor's request for payroll and related business records.  UPT did not respond to the second demand.

3.19  As of the date of this complaint, UPT has not complied with the Trust Funds' auditor and has not produced any payroll and related business records for review.

### IV.  CAUSES OF ACTION

**First Cause of Action**
**(Breach of Labor Agreement/Trust Agreement)**

4.1  The Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.19, above.

4.2  UPT's actions and inaction constitute a breach of the terms of the labor and trust agreements between the Union and UPT, to which the Trust Funds are beneficiaries and/or parties.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 7
2:20-cv-00427

6900 029 vc181901

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

4.3 As a result of UPT's breaches, the Trust Funds have been damaged in an unknown amount to be proven at trial.

### Second Cause of Action
### (Violation of ERISA)

4.4 The Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.19, above.

4.5 UPT's actions and inaction constitutes a violation of §515 ERISA, codified at 29 U.S.C. §1145, and also gives rise to claims for equitable relief under §502(a)(3) ERISA, codified at 29 U.S.C. §1132(a)(3).

4.6 As a result of UPT's actions and inaction, the Trust Funds have been damaged in an unknown amount to be proven at trial.

## V. REQUESTED RELIEF

The Plaintiff Trust Funds respectfully request the Court grant the following relief against UPT:

A. Entry of an order compelling UPT to comply with the Trust Funds' audit, including but not limited to the production of payroll and related documents previously requested by the auditor;

B. If the auditor concludes UPT has underreported/underpaid fringe benefit contributions, then entry of judgment in favor of the Trust Funds, for the past-due and delinquent fringe benefit and other contributions owed by defendant as set forth in the audit report, and pursuant to the terms of the labor and trust agreements to which UPT is a party;

C. If the auditor concludes UPT has underreported/underpaid fringe benefit contributions, then entry of judgment in favor of the Trust Funds, for any liquidated damages owed by defendant as set forth in the audit report, and pursuant to the terms of the labor and trust agreements to which UPT is a party;

D. If the auditor concludes UPT has underreported/underpaid fringe benefit contributions, then entry of judgment in favor of the Trust Funds, for the

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 8
2:20-cv-00427

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

6900 029 vc181901

accrued prejudgment interest owed by defendant as set forth in the audit report, and pursuant to the terms of the labor and trust agreements to which UPT is a party;

E.  If the auditor concludes UPT has underreported/underpaid fringe benefit contributions, then entry of judgment in favor of the Trust Funds, for additional accrued prejudgment interest, from the date of the audit report to the date of judgment;

F.  An award of reasonable attorney fees not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which UPT is a party, and as authorized under ERISA; and

G.  Any other such relief under federal law or as is just and equitable.

Dated: March 20, 2020.

> s/ Jeffrey G. Maxwell
> Jeffrey G. Maxwell, WSBA #33503
> Barlow Coughran Morales & Josephson, P.S.
> 1325 Fourth Avenue, Suite 910
> Seattle, Washington 98101
> (206) 224-9900
> jeffreym@bcmjlaw.com
>
> Counsel for the Puget Sound Electrical Workers Trust Funds

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 9
2:20-cv-00427

6900 029 vc181901

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900